O’Neill, J.
The annexation petition, as filed, prayed that the territory be annexed to the city of Toledo “for municipal purposes, according to the statutes of Ohio.”
Appellants contend that if this annexation is completed the unvoted mandated tax levies imposed upon them by reason of overlapping school districts will exceed the constitutional limitation established by Section 2, Article XII of the Ohio Constitution, and, therefore, the annexation would be unconstitutional.
It is not necessary for this court to consider the constitutional questions raised by appellants as those questions are not directly before the court by this appeal. Adequate remedies are available to appellants for determination of these questions at the appropriate time. State, ex rel. Herbert, v. Ferguson, Aud., 142 Ohio St., 496, 52 N. E. (2d), 980; Belden v. Union Central Life Ins. Co., 143 Ohio St., 329, 55 N. E. (2d), 629; American Cancer Society, Inc., v. City of Dayton, 160 Ohio St., 114, 114 N. E. (2d), 219.
The question to be decided is whether a petition by a resident freeholder for the annexation of territory, which petition contains the language, “for municipal purposes, according to the statutes of Ohio, ’ ’ is valid under the provisions of Sections 709.02 and 3311.06, Revised Code.
Appellants contend that the language quoted above invalidates the petition, and they cite as authority Alexander v. City of Toledo, 168 Ohio St., 495, 156 N. E. (2d), 315.
An examination of Sections 709.02 to 709.11, inclusive, Revised Code, which sections provide the procedure by which adult resident freeholders of an area may cause it to be annexed to a municipality, and Section 3311.06, Revised Code, which provides *187 the only procedure by which territory annexed to a city, comprising part but not all of a school district, may be transferred to the city school district, makes it clear that nothing in these sections invalidates the annexation petition under consideration here. The words, “for municipal purposes, according to the statutes of Ohio,” accurately describe the purpose of the annexation provided for by Section 709.02 et seq., Revised Code, and are not in conflict with the procedure established by Section 3311.06, Revised Code, for the transfer of territory from one school district to another after such territory has been annexed by a municipality.
The judgment of the Court of Appeals is hereby affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias and Bell, JJ., concur.
Herbert, J., not participating.